## ASAPH FLETCHER *vs.* SETH EDSON.

A promise by a principal to pay into the hands of his surety, for his indemnity, the amount for which the surety has become accountable, whenever the latter shall be called on for payment by the creditor, or shall have reason to doubt the ultimate ability of the principal to save him harmless, is a valid promise, on which an action may be sustained by the surety ; and it is not a prerequisite to an action, founded on such a promise, that the surety should have paid the debt or any portion of it.

This was assumpsit in two counts: the first on a promissory note, dated July 5th, A. D. 1830, for $1150, payable on demand ; the other on the same note in connection with a written condition or contract entered upon the back of the note. The second count was as follows :

"And for that the said Edson on the fifth day of July, 1830, at said Woodstock, was justly indebted to one Barnard of Boston in the commonwealth of Massachusetts, in the sum of eleven hundred and fifty dollars, current money of this state, and the said Edson then and there requested plaintiff to sign and execute with him, the said Edson, a promissory note for the said sum, payable to the said Barnard, as security for him the said Edson. Whereupon said Edson and the said Fletcher did then and there execute and deliver to said Barnard their promissory note of that date for the said sum of eleven hundred and fifty dollars—wherein and whereby the said Edson and Fletcher promised said Barnard to pay him the said sum with interest in annual installments of one hundred and fifty dollars each, commencing on the sixteenth day of January 1831, and so on from year to year, till the whole of said sum of eleven hundred and fifty dollars, with the interest thereon, shall be paid.

" Whereupon, and as security and to indemnify plaintiff from all cost and damages which he might sustain in consequence of signing said note to the said Barnard, the said Edson by his certain

WINDSOR,
February,
1836.
Fletcher
vs.
Edson.

note or agreement, in writing of that date, by him subscribed and delivered to plaintiff, promised plaintiff, in consideration of the promises, and for value received, to pay him the said sum of one thousand and fifty dollars on demand with interest, on condition that plaintiff shall not demand or sue for said sum of one thousand and fifty dollars, or any part thereof, unless he, the plaintiff, should be called on for the payment of the said promissory note, so executed to the said Barnard by said Edson and plaintiff, or unless the plaintiff should at any time have reasonable doubts, whether the said Edson would, or could save him, the plaintiff, harmless from all cost and damage on account of signing said promissory note with said Edson and payable to the said Barnard, as aforesaid. And plaintiff avers that, on the 18th day of January 1834, the said Edson became in failing circumstances and insolvent, and had all his property attached by bona fide creditors, whereby plaintiff entertained reasonable doubts, whether said Edson could and would indemnify him from cost and damages for signing the said promissory note, payable to the said Barnard, as aforesaid, whereof the said Edson then and there had due notice. And thereupon the plaintiff commenced this his present action against the said Edson, as lawfully he might do. The demand described in this present count is for the same sum and claim described in the first count in the plaintiff's declaration. Yet the said Edson, not regarding his promise and undertaking, in this last count set forth, hath never paid the plaintiff the said last mentioned sum, though thereto, on the said 18th day of January, and before the purchase of the plaintiff's writ, at Woodstock aforesaid, requested, but still neglects and refuses to pay the same."

Certain subsequent attaching creditors of the defendant having been permitted, in pursuance of the statute of A. D. 1831, to appear and defend the action, a trial was had upon the general issue pleaded and closed to the court.

The plaintiff read in evidence the note declared on, with the contract endorsed upon it, which were of the following tenor:

"Woodstock, July 5, 1830.
"On demand I promise to pay Asaph Fletcher eleven hundred "and fifty dollars, for value received and interest.
    (Signed)           SYLVESTER EDSON."
"Attest, FRANCIS T. PORTER."

On the back of which is the following, viz:

"The within note is given in consequence of Gen'l Asaph "Fletcher's signing a note with Sylvester Edson to pay James

Windsor,
February,
1836.
———
Fletcher
vs.
Edson.

" Barnard of Boston the sum of eleven hundred and fifty dollars,
" payable one hundred and fifty dollars per year, from the 16th
" day of February, A. D. 1830, and interest on what remains, and
" in like manner each year, until the whole of the eleven hundred,
" and fifty dollars are all paid. The said Fletcher is not to de-
" mand or sue for the said sum of $1150, or any part of it, unless
" he, the said Fletcher, is called on for payment of said note which
" he has so signed with said Edson, or unless the said Fletcher
" should have any reasonable doubts of the security of the said
" Edson, as to saving him, the said Fletcher, good and harmless,
" at any time and at all times."

It was admitted that the defendant's property had been attached,
as stated in the second count of the declaration. The court ren-
dered judgment for the plaintiff to recover the amount of the
note ; to which decision the creditors, in behalf of the defendant,
excepted.

*E. Hutchinson for defendant.*—First count declares upon the
writing in question, as upon a promissory note. The second count,
as upon a special contract of indemnity, but contains no averment,
nor was any proof offered of plaintiff's having been damnified,
other than the writing itself, and that Edson had been attached
before suit brought.

Defendants have been permitted by leave of court, as subse-
quent attaching creditors, to defend under the statute, and they
contend that the court erred in permitting a recovery to the whole
amount of the sum named in the writing, for the reason that it
cannot be declared upon, (and consequently cannot be recovered
upon) as a promissory note in which the sum mentioned in the
note is the rule of damages, but only as a special contract, subject
to a contingency, both as to there ever being a cause of action up-
on it, and also if a cause of action accrues *according to the terms
of the condition, as to the amount of damages.* That this is the
true doctrine, even as between the original parties, and peculiarly
so where subsequent bona fide creditors are interested and made
party of record.

If plaintiffs, upon such contracts, can recover the full amount,
treating them as promissory notes in the assessment of damages,
without proof of any thing paid by them, *it will furnish an easy
method for men in failing circumstances, to place beyond the reach
of creditors, in trust for their own after use, all the tangible prop-
erty they may possess,* and totally defeat the object of the statute
under which the creditors here defend.

WINDSOR,
February,
1836.
Fletcher
vs.
Edson.

This is like all special contracts, for the breach of which action lies, but under which no more damages can be received than what are proved. And a bare liability to pay a note as surety for another, is in law no damage, until payment made, or a judgment recovered.—15 Mass. R. 488, *Merrill* vs. *Merrill*—5 Term Rep. 486, *Carlos* vs. *Fancourt*, in Error—1 Bur. R. 227, *Goss* vs. *Nelson*—do. 325, *Roberts* vs. *Peake*—Chit. on Bills, 54—4 Vesey, 371, *Ex parte Tootell*—2 Bos. & Pul. 413, *Hill* vs. *Halford*—Bul. N. P. 272—4 Maule & Sel. 25, *Hartley* vs. *Wilkins*—2 Comp. R. 205, *Leed et al.* vs. *Lancashire,* also note to do.—12 Pick. 199, *Lambert* vs. *Craig.*

Suppose Edson should again be with property, and Barnard should sue and collect the note of Edson, the principal, (as he may) after a judgment here for plaintiff, what remedy would there be to recover the money back of plaintiff? Would not this judgment be conclusive of the right?

*Marsh & Williams, and B. Swan, jr. for plaintiff.*—This is an action, as stated in the first count, on a promissory note, in common form.

The second count states the same note, and writing, that the note was given in consideration of a like note executed by the plaintiff and defendant for the proper debt of the defendant to one Barnard, and agreeing that the plaintiff is not to sue for or demand any payment of the note unless the plaintiff is called on for payment of the note given to Barnard, or unless the plaintiff should have reasonable doubts of the security of Edson, as saving the plaintiff harmless at any time and at all times. This count then states that the plaintiff had reasonable doubts whether Edson could save him harmless, for that he had failed in business before the suit was commenced, and his creditors had attached or were attaching his property.

The question is, whether the plaintiff can recover on this note or contract on the general issue plead and joined to this count.

In *Carlos* vs. *Fancourt*, (5 T. R. 482) Lord Kenyon is reported to have said, " The question is not here whether the plaintiff in error, who may have promised for a valuable consideration to pay the defendant a certain sum of money on an event which has since happened, is or is not bound to perform that promise : if this promise was made on a consideration, there is no doubt but that an action may be maintained on it, as on a special agreement ; but the question now before the court is, whether or not the note set forth

WINDSOR,
*February*,
1836

Fletcher
*vs.*
Edson.

in the record can be declared on as a negotiable security under the statute 3 & 4 Q. Ann, c. 9.

" The note was for £10 out of his (defendant's) money, that should arise from his reversion, £43, when sold," payable to A. Fancourt, and endorsed to defendant in error.

The note declared on in the present case was given for a valuable consideration—that is, for plaintiff's having given his own note with the defendant for the same sum to one Barnard ; and the note and consideration entered on the back of the note is declared on in the second count as an agreement.

We are aware of the cases where it is decided that a note containing an agreement on the back, entered into before signing, making it payable on condition or on any contingency, is not negotiable within the statute of Ann, and cannot be declared on as a promissory note.

As in the case above cited, so in *Leeds vs. Lane*, 2 Camp. R. 205—*Williamson et al. vs. Bennett & Mitchell*, 2 Camp. R. 417—4 Camp. R. 127, and many others. But these cases are all decided on the ground either that the notes were not promissory notes, but agreements, and void under the stamp acts, the stamp duty not having been paid, or being in the name of endorsees, they were not negotiable under the statute of Q. Ann.

But no case has been found where such note and agreement, made on a valuable consideration, and declared on in the name of the promisee as an agreement, have not been regarded as binding and the foundation of an action.

The case of *Cushing vs. Gore & Grafton*, (15 Mass. R. 69,) we think is an authority directly in point for the plaintiff. The plaintiff had been in the habit of endorsing notes for the defendant. On the failure of the defendant, the note in question was executed by them for a sum understood to be full as much and probably more than all the liabilities the plaintiff had incurred. The note was given for the express purpose of enabling the plaintiff to secure himself by attaching property during the failure. It seemed to be understood (of which, however, there was no evidence,) that the plaintiff would pay the notes which he had endorsed for the defendant; but they were not produced, nor had they been taken up, nor was the amount of them known when the note on which the suit was brought was taken. The same state of things continued when the suit was commenced. At the trial, however, the notes which had been endorsed having been by the plaintiff taken up in

WINDSOR,
February,
1836.

Fletcher
vs.
Edson.

the mean time, were found to amount to $1747 18, and the plaintiff took a verdict for those notes to that amount.

Other creditors, whose notes became due before those endorsed by the plaintiff, had attached the same property which had been previously attached by the plaintiff. The verdict was afterwards sustained by the court; and in giving the decision of the court, the chief justice remarks, " In the present state of the mercantile world, it would excite great surprize if we were to decide that a note, deliberately given to an endorsee for the purpose of enabling him to secure himself against the effects of the endorsement, would not answer the purpose for which it was intended. But if there were any doubt of the principle to the extent mentioned, we think that when an endorsee has either expressly or impliedly undertaken to pay the note by him endorsed, there can be no doubt but that the undertaking is a good and valuable consideration for a promissory note."

In the present case, the note taken by the plaintiff was for the precise sum for which he had made himself liable for the defendant. The principal difference in the two cases is, that *supposed* undertaking of the plaintiff, of which, however, there was no proof, and the fact that after the commencement of the suit in that case, the plaintiff paid, and at the trial produced the notes which he had endorsed.

In the present case, the plaintiff made himself absolutely liable, not by endorsing, but by signing the note with the defendant, and the entire failure of Edson renders it certain that he must pay the notes to Barnard, as they became due, and will then be without remedy if he fail in this action.

If plaintiff cannot recover the amount of his note now, yet if a new trial be granted, he can pay the notes to Barnard before trial, and then recover the whole.

The opinion of the court was delivered by

ROYCE, J.—As a mere promise to indemnify against an outstanding demand does not furnish a cause of action to the promisee, upon his simply becoming liable to a suit on such demand, and as it did not appear in this instance that the plaintiff had paid the debt or any part of it, his right of recovery might depend on the peculiar terms in which the present contract of indemnity was framed. The contract consists of the note for $1150, payable on demand, controlled and qualified by the stipulation endorsed upon it. Taken together they amount to an undertaking to pay into the

Windsor,
February,
1836.
Fletcher
vs.
Edson.

plaintiff's hands, for his security, the whole amount for which he stood responsible for the defendant, whenever he should be called on for payment by the creditor, or whenever he should have reason to doubt the defendant's ultimate responsibility to save him harmless. We discover no sufficient ground for doubting the validity of such a contract. The plaintiff had a right to prescribe the terms on which he would incur a responsibility for the defendant's debt; and his assuming that liability was a sufficient consideration for the defendant's engagement to him. Whatever he receives under this contract, he may be compelled to pay on the foreign demand. To the extent of his means thus acquired, he will have exchanged situations with the defendant—becoming, in effect, the principal, and the defendant a surety. And should the plaintiff be otherwise indemnified and discharged from the foreign debt, he must refund the fruits of this action. The record will at all times exhibit the nature of the claim now asserted by him, and the purpose for which it is sustained.

It is insisted that the rights of the defendant's other creditors should control the plaintiff's remedy under this agreement. But to allow this would be to expose the plaintiff to a heavy loss, by depriving him of that security without which he probably would not have made himself accountable : it would be to abrogate the most important part of his contract. The statute has enabled these creditors to urge every legal defence to the action—every defence of which the defendant, if disposed to contest the right of recovery, could avail himself, either for his own benefit, or that of his other creditors. This is the only privilege conferred by the statute, and with this the creditors must be satisfied.

Judgment of county court affirmed.